LAKESHORE HILLS, INC., Plaintiff-Appellee, *v.* ED ADCOX, Defendant-Appellant.

Fourth District No. 16472

Opinion filed December 1, 1980.

Henry J. Plawer, of R. P. O'Connell, Ltd., of Quincy, for appellant.

Michael F. McClain, of Awerkamp & McClain, of Quincy, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant brings this interlocutory appeal from the trial court's grant of a preliminary injunction compelling him to remove a pet, a 12-year-old, 575-pound Canadian black bear, from his property—a lot in the subdivision. The plaintiff, a corporation, sold the subdivision lot to the defendant; persons who buy lots become shareholders in the corporation and are obligated to follow recorded restrictive covenants.

When the defendant bought his lot during the summer of 1979, covenant 12(a) permitted residents to keep on their property only household pets not raised for commercial purposes; the covenant did not define "household pets." At a shareholders' meeting held in February 1980, this covenant was amended to specifically exclude from the category of "household pets" bears, as well as certain other animals, such as lions and pythons, "usually found caged in a professional zoo." In April 1980, the plaintiff sued to enjoin the bear's continued presence in the subdivision.

The trial testimony disclosed that at least one other resident keeps an unusual animal—a creature 75% *canis lupus* and 25% *canis familiaris*. The testimony also shows that the other residents are sharply divided in their

feelings toward the bear; the defendant's immediate neighbors have no fear of the animal, but others are afraid of him. The bear is kept in a cage within a cage. The defendant, an experienced animal-keeper, testified that his pet is quite gentle—he is a fifth-generation captive—and bears no animosity toward humans, including young children.

The trial judge correctly recognized the purpose of the hearing was limited to obtaining a preliminary injunction, the enforceability of the covenants was not in question; he ruled that the bear's presence violated covenant 12(a) and granted the preliminary injunction, finding that a potentially dangerous situation existed.

■■ ■ *McCormick v. Empire Accounts Service, Inc.* (1977), 49 Ill. App. 3d 415, 364 N.E.2d 420, sets forth the conditions for granting a preliminary injunction; the party seeking the injunction must prove by a preponderance of the evidence four points:

"(i) that he has no adequate remedy at law and will be irreparably injured if the injunction is not granted; (ii) that the threatened injury to him will be immediate, certain and great if the injunction is denied while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted; (iii) that he has a reasonable likelihood of prevailing on the merits of the case; and (iv) that granting the preliminary injunction will not have an injurious effect upon the general public." 49 Ill. App. 3d 415, 417, 364 N.E.2d 420, 421.

(1) The plaintiff here has no adequate legal remedy; monetary damages will not prevent the harm that the plaintiff fears. Although denial of the injunction would not necessarily have led to irreparable injury, the trial court correctly concluded that the better course was to enjoin the keeping of the bear and not risk the harm.

(2) The threat of harm outweighs the inconvenience to the defendant.

■■ ■ (3) A preexisting covenant is enforceable against a later-arising condition. (*Freehling v. Development Management Group, Inc.* (1979), 75 Ill. App. 3d 243, 393 N.E.2d 646.) Although only the amended version of covenant 12(a) expressly excludes bears, the limitation in the original version to "household pets" is also narrow enough to exclude them. The plaintiff is reasonably likely to prevail in seeking a permanent injunction.

(4) Granting the preliminary injunction did not harm the general public but rather was designed to protect the public.

The injunction here altered rather than preserved the status quo. However, this does not require reversal. The trial court simply acknowledged that it is contrary to the nature of people to live with or in the immediate vicinity of bears. It is likewise contrary to the nature of bears to live in a cage in a yard busy with the incidents of suburban life. The

injunction seeks to recognize the normal propensities of each. The bear, named Yogi, lacks claws, fangs, and is a fifth-generation captive. Yet Yogi is a bear and not a domestic household animal. The injunction is affirmed.

Affirmed.

TRAPP, P. J., and WEBBER, J., concur.